IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH, ) | No. C 14-03401 EJD (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| KEVIN CHAPELL, et. al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6).  Dismissal for failure to state a claim is a ruling on a question of law.  See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on August 28, 2013, he received his legal mail opened from the SQSP mail room.  The mail was from the Monterey Superior Court.  Plaintiff was interviewed on October 15, 2013, by supervisor Alex Lile, during which it was verified that D. McCall processed the mail and who could not verify whether the mail was "sent open" from the court.  Plaintiff claims that Warden Kevin Chapell was aware that the mail was incorrectly processed by the mail room staff.  (Compl. at 3.)

Liberally construed, it appears that Plaintiff is asserting a violation of his First Amendment right to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  See

1  Turner v. Safley, 482 U.S. 78, 89 (1987).  The Turner standard applies to regulations and
2  practices concerning all correspondence between prisoners and to regulations concerning
3  *incoming* mail received by prisoners from non-prisoners.  See Thornburgh, 490 U.S. at
4  413.

5       Prison officials may also institute procedures for inspecting "legal mail," e.g., mail
6  sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77
7  (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see
8  Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).
9  However, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not
10 "legal mail," such that prison officials may open and inspect mail to prisoner from courts
11 outside prisoner's presence.  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996),
12 amended, 135 F.3d 1318 (9th Cir. 1998).

13      Even if we construe the facts in the light most favorable to Plaintiff and assume
14 that Defendants purposefully opened Plaintiff's mail from the courthouse outside of his
15 presence, there was no violation of Plaintiff's First Amendment rights under Keenan.
16 See West t v. Atkins, 487 U.S. at 48.  Accordingly, Plaintiff's claim must be dismissed
17 for failure to state a claim upon which relief may be granted.

## CONCLUSION

20      For the reasons stated above, this action is DISMISSED for failure to state a claim
21 upon which relief may be granted.  See 28 U.S.C. § 1915A(b).

23 DATED:    11/26/2014    
                               EDWARD J. DAVILA  
24                                United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

        Plaintiff,

  v.

KEVIN CHAPELL, et al.,

        Defendants.

Case Number: CV14-03401 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____12/1/2014_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Smith H44485
San Quentin State Prison
San Quentin, CA 94974

Dated: _____12/1/2014_____

                                        Richard W. Wieking, Clerk
                                 /s/ By: Elizabeth Garcia, Deputy Clerk